### GUSTAV R. WERNER, v. CINCINNATI.

1. ERRONEOUS CHARGE AS TO CONTRIBUTORY NEGLIGENCE.

The owner of private property owes no duty to a city requiring him, in constructing his house or maintaining his water service pipes, to anticipate and provide against a rush of water from a break in a water main caused by the negligence of the city. Hence, in an action against the city for damages resulting therefrom, there being no issue and no evidence of contributory negligence, a charge that if the acts or omissions of the property owner contributed in any degree to the injury complained of he cannot recover, is erroneous. Schweinfurth v. Railroad Co., 60 Ohio St. 215; Johnson v. Cincinnati, 11 Circ. Dec. 318 (20 R. 657), followed.

2. FORMER RECOVERY SHOULD BE PLEADED—RULE WHEN NOT PLEADED.

A former recovery to be relied upon as an estoppel should be pleaded; if not pleaded, a petition filed by the same plaintiff together with the judgment thereon, are admissible in support of the claim that the matters in litigation were determined in another suit, but such determination is not a conclusive bar thereto, the jury having the right to find for the plaintiff if he is entitled to recover.

3. QUESTIONS WHICH MIGHT HAVE BEEN LITIGATED.

Every question that parties might have litigated in a suit will be deemed at rest, whether actually determined or not. The fact that part of a judgment obtained by consent is in satisfaction of one cause of action and of damages accruing thereafter, does not detract from the judgment proper covering all the issues.

4. EFFECT OF DEFENSE OF RES ADJUDICATA.

A defense of *res adjudicata*, sustained by evidence and considered by a jury as a bar to the action, renders the consideration of other questions unnecessary, a verdict having been found for the defendant.

HEARD ON ERROR.

Gustav R. Werner, for plaintiff.

Corporation Counsel, contra.

GIFFEN, J.

The plaintiff below alleges in his petition that the city negligently suffered its water mains to leak, and causes the water to flow over his premises, whereby his dwelling house was damaged in the sum of $2,000.

The amended answer contains a general denial, and also an allegation that if any injury has happened to said property it has resulted from the negligent and improper construction of said house and the maintenance thereof, and to the negligent maintenance of service pipes unrepaired.

The reply contains a denial of new matter in the answer

A verdict was returned for the city and judgment rendered thereon. Plaintiff prosecutes error, and as a ground thereof says the court erred in giving to the jury, at the request of the city, the following special charge, to-wit :

" If you find that the acts or omissions of the plaintiff, as you may find from the evidence, contributed in any degree to the injury of which he complains, your verdict must be for the defendant."

This instruction and the facts of the case, are similar to those in Johnson v. Cincinnati, 11 Circ. Dec. 318 (20 R. 657), in which case this court held the special charge to be erroneous upon authority of Schwein-furth v. Railway Co., 60 Ohio St. 215 [50 N. E. Rep. 89]. The charge before us comes within the same authority, and for like reasons must be held erroneous.

It may be said in addition that the pleadings do not present a case of contributory negligence, and hence there was no occasion for a charge upon that subject. The proximate cause of the injury was, as alleged in the petition, the breaking of the water main, and if the damages were only enhanced by reason of the defective construction of the house or the negligent maintenance of the service pipes, neither of them was a cause without which no damages would follow, and if either or both of them cause all the damage, independent of the break in the main, then there was a failure of proof of the negligence alleged. If A negligently breaks a window in B's house, B has a cause of action against A for damages, and it is no defense if the glass was thin and weak, and that had it been of double strength it would not have broken. So that in this case the plaintiff owed no duty to the city in constructing his house or maintain. ing his service pipes, to anticipate and provide against a rush of water caused by the negligence of the city.

This error, however, is immaterial if the defense of *res adjudicata* is sustained by the evidence. Such defense was not pleaded, but a petition filed by this plaintiff and the judgment thereon were offered in evidence, from which it is claimed by the city that the matters litigated in this suit were determined in the other case. While a former recovery relied on as an estoppel should be pleaded, still if not so pleaded the judgment is admissible evidence, but it is not a conclusive bar to the action ; the jury may nevertheless find for the plaintiff if they think him entitled to recover. Meiss v. Gill, 44 Ohio St. 253 [6 N. E. Rep. 656].

In that case, which was commenced after the present suit, the peti-tion contains the allegation that by reason of the careless and negligent manner in which the retaining wall in front of his premises was con-structed, the same has become cracked, and that in consequence thereof the water and sewerage seeps through the said wall from said street and

into the foundation of his house, undermining the same and damaging the house in the sum of $500. In each case the petition contains the averment that the damage to the house was caused by the water flowing from the street, in the one case from a broken main, and in the other, presumably from the surface of the street, and the time within which the damage was done in the present suit, is included in the period covered by the suit first determined. Although the averments in the two petitions are not precisely alike, the same damages arising from substantially the same cause are set out in each.

It is immaterial whether the negligence of the city consisted in suffering the water main to be and remain out of repair, or whether any negligence was alleged or shown in the other suit, provided the same flow of water and resulting damage that are now alleged were embraced in the former adjudication, and we think they are identical.

It is urged by counsel for plaintiff in error that the former judgment is for damages arising only from a change of grade of Baltimore avenue, but it will be observed that this part of the judgment is by consent, and made to include damages thereafter accruing, while the judgment proper covers all the issues in the case ; and besides it is well settled that every question which the parties might have litigated in a case is deemed at rest, whether actually determined or not. Petersine v. Thomas, 28 Ohio St. 596.

It is apparent from the record that the jury found for the defendant below, for the reason that the former judgment was a bar to this action, and having affirmed this finding, we think it unnecessary to consider the other errors assigned.

Judgment affirmed.